Benjamin I. Whipple
1150 South Colony Way
Palmer, Alaska 99645
bwhipple@mtaonline.net
907-745-1776
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| William S. Sheldon, as personal representative for the Estate of Ramona M. Sheldon, and George A. Sheldon, Jr., individually and as guardian of F.A.S., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, Department of Health & Human Services, Indian Health Service, Maniilaq Association, Alaska Native Medical Association, and Martin H. Tieva, M.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## COMPLAINT

COME NOW plaintiffs William S. Sheldon, as personal representative for the Estate of Ramona S. Sheldon, and George A. Sheldon, Jr., individually and as guardian of F.A.S., through counsel, and for their complaint allege on information and belief as follows:

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

Case 3:13-cv-00222-TMB   Document 1₁   Filed 11/27/13   Page 1 of 7

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2680, 2401(b) and 28 U.S.C. §§ 1331 and 1346(b).

2. On April 21, 2011 Ramona M. Sheldon submitted an administrative claim for medical malpractice to the Indian Health Service, part of the U.S. Department of Health & Human Services. Ms. Sheldon passed away on September 14, 2011. Her son, William S. Sheldon, was appointed personal representative of the Estate of Ramona M. Sheldon. He then became the substitute claimant for her administrative claim on behalf of the estate.

3. On April 22, 2011 Ramona M. Sheldon submitted an administrative claim for loss of consortium on behalf of her minor son, F.A.S., to the Indian Health Service, part of the U.S. Department of Health & Human Services. After Ms. Sheldon's passing, her husband, George A. Sheldon, Jr., became the substitute claimant for the administrative claim of F.A.S.

4. On April 22, 2011 George A. Sheldon, Jr. submitted an administrative claim for loss of consortium to the Indian Health Service, part of the U.S. Department of Health & Human Services.

5. On January 31, 2013, the U.S. Department of Health & Human Services denied the three administrative claims referenced above. The claimants, through counsel, requested reconsideration of the denial.

6. On June 5, 2013, the U.S. Department of Health & Human Services again denied the three administrative claims referenced above. All conditions precedent to a Federal Tort

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

Claims Act have been met.

7. Venue is properly within this District under 28 U.S.C. § 1402(b) as the act complained of occurred in the District of Alaska.

8. Plaintiffs are residents of the State of Alaska. Plaintiff William S. Sheldon is a resident of the Matanuska-Susitna Borough. Plaintiff George A. Sheldon, Jr. is a resident of the Northwest Arctic Borough.

9. The Alaska Superior Court appointed William S. Sheldon as personal representative of the Estate of Ramona S. Sheldon on December 12, 2011 (2KB-11-40 PR).

10. George A. Sheldon, Jr. was the husband of Ramona Sheldon before her passing and is the guardian of their minor son F.A.S..

11. The United States of America, the Department of Health & Human Services, and the Indian Health Service are appropriate defendants under the Federal Tort Claims Act.

12. Defendants Maniilaq Association and the Alaska Native Medical Center are entities within and under the authority of the Indian Health Service, of the U.S. Department of Health & Human Services, and are alleged to be the employer of Martin H. Tieva, M.D., whose actions with respect to Ms. Sheldon fell within the scope of his employment.

13. Defendants Maniilaq Association, through its Maniilaq Health Center, and the Alaska Native Medical Center provide medical services within the State of Alaska and are healthcare providers within the meaning of A.S. § 09.55.560(1).

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

Case 3:13-cv-00222-TMB   Document 1   Filed 11/27/13   Page 3 of 7

14. Defendant Martin H. Tieva, M.D. is a resident of the State of Alaska and a medical doctor licensed to practice medicine within the State of Alaska. He is an employee of an agency of the United States, as described above, and his actions with regard to Ms. Sheldon fell within the scope of his employment.

15. The amount in controversy exceeds $75,000.

16. On April 29, 2009, Ms. Sheldon underwent a colonoscopy at the Maniilaq Health Center, the medical unit of the Maniilaq Association in Kotzebue, Alaska.

17. The attending surgeon performing the colonoscopy was Martin H. Tieva, M.D. On information and belief, Dr. Tieva was an employee of either Maniilaq Association or the Alaska Native Medical Center of Anchorage, serving in a visiting capacity. Dr. Tieva's actions during the colonoscopy fell within the scope of his employment.

18. Defendants, by contract with Ms. Sheldon and by reason of their undertaking, owed a duty to each of the plaintiffs to provide medical services to Ms. Sheldon in accordance with the degree of care ordinarily exercised under the circumstances by health care providers within the field or speciality.

19. Defendants breached this duty to plaintiffs within the meaning of A.S. § 09.55.540(a) by negligently perforating Ms. Sheldon's colon.

20. As a direct and proximate result of the perforation, copious stool material seeped into Ms. Sheldon's abdomen and pelvic areas, which led in turn to extensive infection and septic shock. Ms. Sheldon was medivaced to

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

Anchorage and admitted to Alaska Native Medical Center. Between April 29, 2009 and May 19, 2009 Ms. Sheldon underwent at least six related surgeries, including an ileostomy. Significant sections of her small and large intestines were removed and her abdomen and remaining digestive tract were left compromised by extensive scarring. Complications with the ileostomy and an open abdominal wound required extensive aftercare. Because of further related complications Ms. Sheldon was readmitted to Alaska Native Medical Center on January 18, 2011, where she stayed, with brief exceptions, until her passing on September 14, 2011.

21. Plaintiffs allege medical malpractice within the meaning of A.S. § 09.55.540.

22. Plaintiffs allege that Ms. Sheldon's passing was a wrongful death within the meaning of A.S. § 09.55.580.

23. Mr. and Mrs. Sheldon and F.A.S. suffered damages both before and after they submitted their administrative claims. Therefore the sum certain in their demands must be supplemented pursuant to 28 U.S.C. 2675(b) by intervening facts and evidence not reasonably discoverable at the time of their initial claims (additional confinement, medical treatment and wrongful death).

24. While she lived Ms. Sheldon endured non-economic loss as a direct and proximate result of the negligence, including considerable pain and suffering, emotional distress, loss of quality of life, inconvenience, disfigurement, severe and permanent physical impairment, within the meaning of A.S. § 09.055.549(e) or § 17.10.010(c) and therefore limited to $400,000.

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

25. Ms. Sheldon also suffered wrongful death as a as a direct and proximate result, but more than a year after the negligence, which is therefore alleged to be a separate loss within the meaning of A.S. § 09.055.549(e) with its own limited amount of $400,000 in non-economic damages.

26. Ms. Sheldon additionally suffered economic loss as a direct and proximate result of the negligence, including past and future wages and benefits as a health aide in an amount to be ascertained by an economist but alleged to be not less than $100,000; extensive medical expenses of at least $1,216,847.23; other out-of-pocket expenses and eventually, burial or funeral expenses in an amount alleged to be not less than $10,000.

27. Plaintiff George A. Sheldon, Jr., the husband of Ramona Sheldon, suffered loss of consortium within the meaning and limitations of A.S. § 09.055.549(e) as well as out-of-pocket lodging and transportation expenses and loss of subsistence hunting opportunity amounting to a loss of not less than $10,000 by reason of his wife's injury, incapacity and wrongful death.

28. Minor child F.A.S. suffered loss of consortium by reason of his mother's injury, incapacity, long-term hospitalization and wrongful death.

WHEREFORE, plaintiffs pray for relief from this Court, as follows:

1. For economic and noneconomic compensatory damages in an amount to be proved at trial;

2. For costs and attorney's fees; and,

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

3. For such other and further relief as the Court deems proper.

DATED this 26th day of November 2013.

By /s/ Benjamin I. Whipple
Benjamin I. Whipple
Alaska Bar No. 9311096
Attorney for Plaintiffs
1150 S. Colony Way
Palmer, Alaska 99645
bwhipple@mtaonline.net
907-745-1776

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
SHEL-PLE.201.wpd

Case 3:13-cv-00222-TMB   Document 1   Filed 11/27/13   Page 7 of 7